ORIGINAL

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

NOV 1 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § | CASE NUMBER H-04-CR-089 |
| NEHEMIAH LANDES | § | |

DEFENDANT'S RESPONSE TO
MOTION IN LIMINE

Comes Now Nehemiah Landes, by and through his attorneys and files this response to the Motion in Limine filed by the Government regarding the application and interpretation of Federal Rules of Evidence Rule 704(b) and would show the Court the following:

Defendant asserts that the interpretation argued by the Government regarding any limitations on expert questions undermines the Defendant's right to present a defense as embodied in the Sixth Amendment to the United States Constitution as defined by the Supreme Court in Pennsylvania v. Ritchie, 480 U.S. 39, 56, 107 S.Ct. 989, 1000, 94 L.Ed.2d 40 (1987), and Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 40 (1987) as well as the Defendant guaranteed Sixth Amendment right to compulsory process which has been interpreted as an accused's absolute right to present a defense. *Washington v. Texas*, 388 U.S. 14, 19 (1967).

In *Crane v. Kentucky*, 476 U.S. 683, 686-687 (1986), the Supreme Court preferred an adversarial testing of defense evidence to evidentiary rules suppressing evidence. In Crane, the trial court ruled that the accused could not testify about the coercive circumstances of his confession because it amounted to a relitigation of voluntariness of his confession which the

trial court determine pretrial. The Supreme Court reversed the conviction and held that the evidentiary ruling denied the accused "his fundamental constitutional right to present a defense." The Supreme Court emphasized that questions of credibility, whether of a witness or of a confession are for the jury. It was important for the accused to be able to cast doubt on the credibility of the state allegations. Otherwise, "the defendant is effectively disabled from answering the one question every rational juror needs answered." *See also Chambers v. Mississippi*, 410 U.S. 284 (1973); *Rock v. Arkansas*, 483 U.S. 44 (1987); *United States v. Scheffer*, 523 U.S. 303 (1998).

In this case, the heart and spirit of Rule 704 is that an expert can give an opinion. If the expert is qualified, then he should be allowed to give opinion that does not exceed the scope of his expertise and should not be limited to semantics. By requiring word games, the Government's interpretation of Rule 704(b) undermines the Defendant's rights to compulsory process and present a defense as embodied in the Sixth Amendment to the United States Constitution.

Respectfully submitted,

*[signature]*

ROBERT FICKMAN
SBN. 06956500
2110 Lyric Centre
440 Louisiana
Houston, Texas 77002
Tel: (713) 655-7400
Fax: (713) 224-6008

and

STANLEY G. SCHNEIDER
SCHNEIDER & MCKINNEY, P.C.
SBN. 17790500
2110 Lyric Centre
440 Louisiana
Houston, Texas 77002
Tel: (713) 951-9994
Fax: (713) 224-6008

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served by transmitting it by electronic facsimile document transfer to each of the below listed persons on this __ day of November, 2005.

Martha Minnis
Assistant U.S. Attorney
910 Travis
Houston, Texas 77002
(713) 718-3300